856 F.2d 1437
 ESTATE OF Raymond James CARTWRIGHT, and Barbara Reid,
individually, surviving natural mother of Raymond James
Cartwright, and as administrator of the estate of Raymond
James Cartwright, Plaintiffs-Appellants,
v.
CITY OF CONCORD, CALIFORNIA, and Thomas L. Bender, Frank H.
Dowell, Catherine E. Duerks, James M. Jennings, Ronald P.
Minges, and Lloyd C. Stottsberry, present or former
employees of the Concord Police Department, Defendants-Appellees.
 No. 85-2772.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Aug. 11, 1988.
Decided Sept. 15, 1988.
 
 Lloyd F. Scott, Walnut Creek, Cal., for plaintiffs-appellants.
 James L. Hazard, Walnut Creek, Cal., for defendants-appellees.
 Appeal from the United States District Court for the District of Northern California.
 Before WRIGHT and POOLE, Circuit Judges, and HUPP,* District Judge.
 EUGENE A. WRIGHT, Circuit Judge:
 
 
 1
 This is a factual appeal. In a well-reasoned opinion supported by findings of fact and conclusions of law, District Judge Legge concluded that the third amended complaint filed under 42 U.S.C. Sec. 1983 should be dismissed. See Estate of Cartwright v. City of Concord, 618 F.Supp. 722 (N.D.Cal.1985). We affirm.
 
 
 2
 Two years after the death by suicide of Raymond James Cartwright his mother, Barbara Reid, individually and as administratrix of her son's estate, sued city employees and the City itself. She alleged violation of the federal constitution in regard to Cartwright's death in the city jail. After a three week trial without a jury, the plaintiff having rested, the judge weighed the evidence, reviewed the exhibits, and read the voluminous briefs and authorities submitted.
 
 Three claims were presented:
 
 3
 1. The defendants should have prevented the suicide.
 
 
 4
 2. They did not give adequate medical aid after they discovered Cartwright hanging in his cell.
 
 
 5
 3. Their investigation was inadequate and they were negligent in destroying evidence.
 
 
 6
 In disposing of Reid's first claim, the court found that the defendants took reasonable steps to safeguard Cartwright and that they had no reason to believe that he was contemplating suicide. Specifically, it found that the jailers took from Cartwright all possessions except his "soft clothing," placed him in a cell with another detainee, and checked him periodically. It acknowledged that Cartwright spoke of suicide but found that under the circumstances, the jailers reasonably believed that he was continuing the joke that his companion had started earlier in the evening. None of Cartwright's other statements gave them reason to believe that he needed "preventive care." See Cartwright, 618 F.Supp. at 727-28.
 
 
 7
 Reid's second claim was that the defendants failed to give adequate medical care after they found Cartwright hanging in his cell. It focused on the five to seven minutes between the time that they discovered him and the time that the ambulance arrived. Reid claimed that they should have administered cardio-pulmonary resuscitation (CPR) during that time.
 
 
 8
 In disposing of that claim the court found that "defendants' actions during the few intervening minutes between discovering Cartwright--cutting him down, checking his vital signs, and giving him aid--and the arrival of the emergency medical crews was not deficient.... The actions of defendants were not negligent, and certainly were not deliberate indifference to Cartwright's distress." See Cartwright, 618 F.Supp. at 729-30.
 
 
 9
 The court rejected also Reid's claim that the defendants' inadequate investigation and failure to preserve evidence deprived her of a constitutional right. It found that the police undertook an investigation immediately after the death. The Sheriff-Coroner investigated and the Coroner's jury conducted an inquest, attended by a representative of the District Attorney. The court acknowledged that the investigations could have been more thorough in light of this litigation. But they were adequate for the purposes of "establishing the cause of death and any criminal fault in connection therewith." Cartwright, 618 F.Supp. at 730.
 
 
 10
 It found also that any failure to preserve evidence was not done to affect Reid's claim. Rather, evidence was innocently destroyed according to established policies and procedures. Even if the physical and documentary evidence were available, the court stated, the result in the case would not have been different because most of the missing evidence did not pertain to preventing the suicide or administering better medical aid. See Cartwright, 618 F.Supp. at 730-31.
 
 
 11
 The court addressed also Reid's claim that the City was liable, independent of the individual defendants, because they acted under its policies, practices, and procedures. See Monell v. New York City Dept. of Social Serv., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Specifically, Reid argued that the City had a policy of inadequately training its jailers to identify suicidal detainees and to administer emergency medical care. She claimed also that the City as a matter of policy inadequately investigated jail deaths and destroyed evidence.
 
 
 12
 The court rejected these claims. The City's training program complied with relevant state laws and standards at the time of Cartwright's death. It was not inadequate. The court found also no pattern or practice showing that the City investigated jail deaths inadequately or destroyed evidence inconsistent with established policies. See Cartwright, 618 F.Supp. at 731-32.
 
 
 13
 We have reviewed the record and considered the court's findings of fact. None is clearly erroneous. Also without merit is Reid's contention that the district judge erred in his legal conclusions.
 
 
 14
 We affirm the judgment of the district court essentially for the reasons given in the opinion. The appellees are awarded double costs in this appeal. We deny the appellant's motion to conform the complaint to the evidence.
 
 
 
 *
 Of the Central District of California